AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania ▼

|  |  |
|---|---|
| CHOWNS FABRICATION & RIGGING INC. and KEVIN M. CHOWNS <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> THE UNITED STATES OF AMERICA <br><br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Jennifer A. Williams, Acting US Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Merrick Garland, Attorney General
US Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Jay H. Bauer
2053 Cressman Road
PO Box 697
Skippack, PA 19474

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ___08/9/2021___       _____
                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHOWNS FABRICATION & RIGGING INC. and KEVIN M. CHOWNS | THE UNITED STATES of AMERICA |

**(b)** County of Residence of First Listed Plaintiff    Lancaster Cty. PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jay H. Bauer, Esq
2053 Cressman Rd, PO Box 697, Skippack, PA 19474

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 790 Other Labor Litigation | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 791 Employee Retirement Income Security Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [x] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. § 7433

Brief description of cause:
IRS Misconduct

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
08/ 9 /2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1830 Colonial Village Drive, Lancaster, PA 17601 _____

Address of Defendant: _____ 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106 _____

Place of Accident, Incident or Transaction: _____ Montgomery County Pennsylvania _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/ 9 /2021 _____ *Must sign here* _____ 59371

_____*Attorney-at-Law / Pro Se Plaintiff*_____ _____*Attorney I.D. # (if applicable)*_____

---

**CIVIL: (Place a √ in one category only)**

*A.* **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
(Please specify): _____ Tax _____

*B.* **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
(Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ *Sign here if applicable* _____ _____

_____*Attorney-at-Law / Pro Se Plaintiff*_____ _____*Attorney I.D. # (if applicable)*_____

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Chowns Fabrication & Rigging Inc and Kevin M. Chowns v. | : : : : : : | CIVIL ACTION |
| The United States of America | | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                ( )

| | | |
|---|---|---|
| 8 - 9 - 2021 | | Jay Bauer |
| **Date** | **Attorney-at-law** n/a | **Attorney for** Plaintiffs |
| 610-584-0240 | | j.bauer@echowns.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHOWNS FABRICATION & RIGGING, INC., )
and KEVIN M. CHOWNS,                 )
                                     )
        Plaintiffs,                  )
                                     )   CIVIL CASE NO. _____
            v.                       )
                                     )   JURY TRIAL DEMANDED
THE UNITED STATES OF AMERICA,        )
                                     )
        Defendant.                   )
                                     )

## COMPLAINT

Chowns Fabrication & Rigging, Inc. (referred to herein as "Chowns") and Kevin M. Chowns, by and through their undersigned counsel, file this Complaint against THE UNITED STATES OF AMERICA ("Defendant"), and allege as follows:

### SUMMARY OVERVIEW

1.      This is an action under 26 U.S.C. §§ 7433 and 7426 for damages resulting from the reckless, intentional, and/or negligent disregard of the Internal Revenue Code (I.R.C.) and governing regulations by officers, agents and/or employees of the Internal Revenue Service ("IRS") in connection with Federal tax collection activities against Plaintiffs.

2.      By this Complaint, Plaintiffs Chowns and Kevin M. Chowns seek to recover damages and reimbursement for the willful violation of their rights by Defendant, THE UNITED STATES OF AMERICA, through its agent, COMMISSIONER OF INTERNAL REVENUE ("Commissioner").

1

3.     As set forth in detail below, from January of 2013 through tax year 2020, the IRS engaged in unlawful collection activities not supported by law or the facts. In addition, various officers and employees of the IRS have refused to acknowledge that the conduct of the IRS was unjustified, and, to take appropriate corrective action. Further, the Commissioner's agents have, in all the years since 2013, maliciously lied to Plaintiffs regarding their liability, their rights, and the United States Code with respect to collection of taxes, have ignored their proactive requests for assistance and resolution, and intentionally indulged in heavy handed tactics to collect the taxes. As a direct result of the Defendant's actions, Plaintiffs have suffered grievous harm to their business and financial affairs, and, as to Kevin M. Chowns, Defendant has caused serious harm to his health.

4.     Following orders from supervisory IRS officer(s) to "collect the tax including assessments from this failing business [Chowns]," an IRS agent wrongfully levied bank accounts, and, circumvented Chowns' representative in order to avoid complying with statutorily-prescribed safeguards that normally govern collection activities. Despite the fact that an IRS agent had reviewed financial information and approved payment plans, the IRS agent subsequently engaged in a bad faith effort to collect accounts receivable which were ultimately sold and acquired by Chowns lender in a UCC auction.

5.     An armed agent seized a cash payment from Chowns' owner at its business offices. The agent seized a check for $96,063.23 that was clearly outside the scope of acceptable collection alternatives. Kevin M. Chowns was literally strong-armed by the "armed" agent. The owner was misled into believing that the $96,063.23 was the total amount that was owed. Unfortunately, it turned out that the IRS applied the payment to later tax periods while Chowns continued to remain liable for earlier tax years. They knowingly seized the payment bypassing Chowns authorized

representative in the process. Shortly after the incident, and as direct result thereof, Kevin M. Chowns', Chowns' president, medical condition worsened, effectively ending his ability to lead Chowns' recovery. Kevin M. Chowns was left destitute---everything that he and his father had built in the second-generation business was wiped out before his eyes.

6.      Under 26 U.S.C. § 7433, if any officer or employee of the IRS recklessly or intentionally, or by reason of negligence, disregards any provision or regulation under title 26 in connection with the collection of federal tax with respect to a taxpayer, such taxpayer may bring a civil action for damages against the United States.

7.      Under 26 U.S.C. § 7426, if the IRS wrongfully levied on property or wrongfully assessed taxes including penalties and interest, any person claiming to be injured may bring a civil action against the United States.

## THE PARTIES

8.      Plaintiff, Chowns is a Pennsylvania corporation with its registered office currently located at 1830 Colonial Village Lane, Lancaster, Pennsylvania 17601.

9.      Plaintiff, Kevin M. Chowns ('Kevin") is an individual currently residing at 4489 Perkiomen Creek Road, Collegeville, Pennsylvania 19426. Kevin was and is a shareholder of Chowns.

10.      Defendant is the United States of America and may be served by delivering a copy of the Complaint and the Summons to Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106; and by mailing two copies of this Complaint to Merrick B. Garland, Attorney General of the United States, at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

11.     On information and belief, Defendant, COMMISSIONER OF INTERNAL REVENUE, maintains offices in Philadelphia, including William J. Green Jr. Federal Building, 600 Arch Street, Philadelphia, PA 19106.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction pursuant to 26 U.S.C. § 7433, 28 U.S.C. § 1340, 26 U.S.C. § 6651, 26 U.S.C. § 6656,  28 U.S.C. § 1346, 26 U.S.C. § 7426, and 26 C.F.R. § 301.7433-1.

13.     The Court has personal jurisdiction over Defendants because Defendants maintain offices in this District.

14.     On numerous dates in 2013 through 2019, Chowns filed Administrative Claims for Relief from Unlawful Collection with the IRS pursuant to 26 U.S.C. § 7433 and Treas. Reg. § 301.7433-1. (Exhibit A, filed herein including claims submitted to Commissioner of the IRS, IRS Civil Rights Division, and Treasury Inspector General for Tax Administration, with exhibits thereto). That Administrative Claim is hereby incorporated for all purposes in this Complaint.

15.     Because the Administrative Claims were filed within six months of the expiration period under Treas. Reg. § 301.7433-1(g), this complaint is timely and ripe pursuant to Treas. Reg. § 301.7433-1(d)(2).

16.     Venue is proper under 28 U.S.C. §§ 1402 and 1391, because the Defendant's agents that have perpetrated the damages against Plaintiffs are located in the Eastern District of Pennsylvania. Chowns' registered corporate office is in the Eastern District of Pennsylvania and Kevin resides in the Eastern District of Pennsylvania. The property that is the subject of this action is and was situated in the Eastern District of Pennsylvania, and the acts or omissions complained of occurred in the Eastern District of Pennsylvania.

## CHOWNS CLAIMS UNDER 26 U.S.C. § 7433

17.    This is a civil action against Defendant for the unlawful seizure of Chowns property, and for the resulting damages pursuant to 26 U.S.C. § 7433(b) and such other amounts as in law and fact are recoverable. IRS employees, through intentional, reckless, or negligent disregard of the provisions of the I.R.C. and Regulations, caused damage to Chowns due to their unlawful seizure of cash and arbitrary payment of wrongfully assessed penalties and interest.

18.    Chowns allegedly owed the IRS in excess of $500,000 related to tax years of 2013, 2014, 2015, 2016, 2017, and 2018.

19.    Throughout the period at issue, Chowns was owned and operated by Kevin and Matt Chowns through the year 2014, and, thereafter, by Kevin Chowns as the sole owner. Chowns operated a structural steel fabrication company, supplying steel and installation services for use in commercial building construction. Chowns was a second-generation business and was, in effect, the source of income and personal wealth of Chowns' owner.

20.    The penalty and interest assessments at issue---over $220,000---included approximately $100,000 in paid assessments and $132,251 in penalties removed by the IRS Office of Appeals.

21.    For tax periods related to tax years of 2013, 2014, 2015, 2016, 2017, and 2018, the IRS wrongfully assessed Chowns penalties for failure to deposit and the late payment of employment taxes, or otherwise complying with I.R.C. § 6651 and § 6656. The IRS, in disregard of I.R.C. § 6651 and § 6656, claimed it was issuing levies and seizing assets, purporting that Chowns lacked a reasonable cause excuse in order to avoid complying with statutorily-prescribed safeguards that govern the assessment of penalties and that are designed to ensure that penalties are assessed only for willful failure to pay taxes by taxpayers that fail to act prudently and exercise

ordinary business care. The penalties assessed were improper because Chowns did not willfully fail to pay taxes nor did it fail to act prudently or exercise ordinary business care in conducting the business of Chowns.

22.     Generally, the procedure for the assessment of penalties by the IRS is through the generation of a notice on the IRS's ACS branch system, a computer automated system which calculates the penalty based on the actual tax payment date. The taxpayer, upon receipt of the notice, is instructed to either pay the amount requested or respond with the reason(s) why the penalty assessed should be removed.

23.     However, the IRS conducts collection action by assigning a Revenue Officer when it becomes aware that employment taxes are delinquent and continue to remain unpaid. Under the collection procedures, the Service must allow the taxpayer a reasonable opportunity to pay or satisfy the amount of tax owed. The IRS collects information from the taxpayer regarding assets, liabilities and income. The IRS makes a determination as to payment terms and as to any penalty assessment based on information provided by the taxpayer in accordance with the governing law and regulations.

24.     Chowns did agree to make payments in the amounts of $5,000 and $13,000 to the IRS pursuant to two installment agreements entered into on March 15, 2016 and February 21, 2017. Chowns continued making such payments until September of 2016 and June of 2018, respectively.

25.     During the period between tax years 2014 and 2019, Kevin had several calls and meetings with IRS Revenue Officer Kerry Martin regarding options for resolving the outstanding tax liabilities of Chowns.

26.     Kevin's conversations with Officer Martin included discussions regarding payment, penalty abatement, company finances, appeals, offer in compromise and the need for Chowns to deposit and pay its current taxes while also paying the taxes which were in arrears.

27.     Agent Martin informed Kevin that he would not abate or remove penalties assessed Chowns for paying late and for failing to deposit taxes timely for tax years beginning in 2013, denying Chowns' requests for penalty relief.

28.     During the period from March, 2013 to October 2019, Kevin attended several hearings on behalf of Chowns with the IRS regarding Appeals of penalty assessments, Collection Appeal Request, and Request for a Collection Due Process hearing with various IRS officers and other personnel.

29.     On July 24, 2020, Kevin sent Officer Martin a letter objecting to the IRS Letter 3164 that Chowns had received from Officer Martin which provided notice that the IRS intended to contact other persons such as neighbors, banks, and employees for certain unspecified and irrelevant information. A true and correct copy of the Martin Letter is attached hereto along with the response of Kevin on July 24, 2020 as Exhibit B.

30.     Chowns sent a series of letters to the IRS in order to explain the situation and to ask for relief.

31.     At all relevant times, Chowns believed that it would be able to pay any unpaid taxes, and, also, at all times, fully intended to pay any unpaid taxes.

32.     On September 23, 2015, October 19, 2015, January 12, 2016, January 28, 2016 and, January 23, 2017 Officer Martin placed liens on Chowns' property located at 2053 Cressman Road, Skippack, Pennsylvania 19474.

33.   As a result of the liens, Chowns' credit rating dropped and its lender levied its bank accounts over the July 4th Holiday of 2018.

34.   On July 9, 2018 Chowns filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

35.   Officer Martin informed Chowns on August 12, 2019 that the IRS would take no further collection actions pending the outcome of Chowns' appeals but Chowns was already damaged beyond repair by the wrongful acts of the IRS.

36.   IRS agents intentionally, recklessly, or negligently mis-interpreted Chowns' reasonable cause explanation as lack of funds in an attempt to internally justify the assessment of penalties using the provisions under 26 U.S.C. § 6651 and § 6656. No assessment of the facts and circumstances was performed, and the penalties were assessed in bad faith, arbitrarily and without due process, and deliberately to conclude that the financial condition (e.g., "lack of funds") that the IRS agents took the position would---if it was a true report of the circumstances---support the assessment of penalties for failure to pay and late payment. More precisely, the agents took the position that if they could justify the "lack of funds" narrative that it would obviate Chowns' absence or lack of willful intent and Chowns' exercise of ordinary business prudence, then they could justify not abating penalties---apparently because they believed this would indicate that the late payments were not excusable.

37.   The IRS collected tax payments from Chowns and wrongfully applied them to the penalties and interest at issue herein. Thus, the recovery of Chowns was hindered by the wrongful acts of the IRS agent. The limited resources which Chowns desperately needed to run its business were used to pay penalties and interest and no longer available because of the IRS's failure to

comply with the applicable law. Subsequently, on June 10, 2020, Chowns received notice that penalties assessed were removed. (See Exhibit C).

38.     As demonstrated by the foregoing, the IRS intentionally, recklessly, and/or negligently violated the I.R.C. and Regulations and harmed Chowns and its owner.

39.     Moreover, as it turned out, the purported assessed tax at issue was not even owed in the first place. On June 10, 2020, Chowns received notice from the IRS Office of Appeals that it was granted a full abatement and relief from the imposition of penalties and interest for reasonable cause effectively cancelling the penalties and interest charged. Relief was granted for the following tax periods (18 tax periods): Form 941 – December 31, 2013, September 30, 2014, December 31, 2014, March 31, 2015, June 30, 2015, September 30, 2015, December 31, 2015, March 31, 2016, June 30, 2016, September 30, 2016, March 31, 2018, June 30, 2018, September 30, 2018; Form 941 - December 31, 2014, December 31, 2015, December 31, 2016, December 31, 2018; Form 1120S - December 31, 2014. (See Exhibit C).

40.     On one particularly egregious occasion, a government agent armed with a firearm entered Chowns' premises and wrongfully seized a check for $96,063.23. Kevin was told by the IRS agent that the $96,063.23 was the total amount that was owed. In fact, Chowns still owed taxes from prior periods which remained unpaid after the illegal collection of the payment. This highly unusual circumstance demonstrates the complete lack of regard for the use (and misuse) of collection and seizure provisions.

41.     Chowns was in the process of paying its oldest tax liabilities when the IRS applied the $96,063.23 to later tax periods. And, Chowns remained liable for its oldest tax liabilities including the wrongfully assessed penalties and interest. And, the wrongfully obtained payment

caused irreparable damage to the business of Chowns. Chowns was left without funds to use in its business.

42.     These actions were not reasonable, in compliance with the governing laws or regulations, or pursuant to a justifiable action. The agent collected the payment via threat and intimidation. The agent failed to conduct the required investigation of Chowns' financial distress and to consider alternative collection methods.

43.     As set forth in the foregoing paragraphs, the IRS intentionally, recklessly, and/or negligently denied Chowns' reasonable cause excuse and assessed penalties and seized assets in order to wrongfully collect tax assessments in disregard and violation of the governing rules (e.g., under § 6651 and § 6656 and the regulations thereunder), all to the detriment of Chowns and its owner.

44.     On or about July 21, 2020, Chowns received a letter from the IRS agent indicating that the IRS was going to contact employees, banks and business associates. Chowns ceased operating its business mid-year in 2019. The assets of Chowns were purchased by its lender at auction in July of that year. The IRS agent was informed of the sale and provided with a copy of the notice of sale. After the sale, Chowns was no longer in business. In spite of the clear and compelling evidence that Chowns was in fact defunct and had no assets, the IRS was intent on continuing its campaign of harassment against Chowns without cause or justification.

45.     Chowns was completely put out of business and never recovered. It has suffered economic damages in excess of $1,000,000 due to the IRS's intentional, reckless, and/or negligent collections and illegal seizure of assets.

46.     Chowns seeks $1,000,000 in economic damages for the wrongful acts with respect to its seized assets and loss of business. The acts resulted in losses in excess of $100,000 with respect to its cash assets, and over $900,000 with respect to its ongoing business.

47.     Chowns seeks loss of reputation damages of $500,000. The unlawful seizures caused Chowns reputation irreparable harm.

48.     Finally, Chowns seeks damages of $150,000 in economic damages that resulted from health complications caused by the unlawful actions of the IRS. Kevin, Chowns' president, suffered anxiety, loss of sleep and nervous tics as a result of the stressful experience during and after the unlawful assessment of penalties and seizure of assets. This resulted in medical bills in excess of $1,000 and further damages to his business, as Chowns in effect lost the services of its head executive and was never able to recover.

49.     Under 26 U.S.C § 7433, Chowns is entitled to direct economic damages in the amount of $1,000,000 because the actual, direct economic damages exceed $1,000,000.

**KEVIN'S CLAIMS UNDER 26 U.S.C. § 7433**

50.     Kevin repeats and realleges each and every allegation set forth in paragraphs 1-49, inclusive, and incorporates them herein by reference.

51.     Kevin has suffered economic damages in excess of $1,000,000 due to the IRS's intentional, reckless, or negligent collections and illegal seizures of property.

52.     Kevin seeks $1,000,000 in economic damages for the wrongful collection actions. The IRS's wrongful actions caused his interest in Chowns (e.g., his stock interest) to decrease in value by more than $1,000,000.

53.     Finally, Kevin seeks damages of $500,000 for emotional distress and economic damages that resulted from health complications caused by the IRS's unlawful actions. Kevin

11

suffered from loss of sleep and anxiety as a result the stressful experience during and after the unlawful seizures of Chowns' property. This resulted in medical bills and caused further damage to Chowns' ability to recover, and thus to the value of his interest in Chowns.

54.     Under 26 U.S.C. § 7433, Kevin is entitled to direct economic damages from the IRS in the amount of $1,000,000 because the actual, direct economic damages exceed $1,000,000.

## KEVIN'S CLAIMS UNDER 26 U.S.C. § 7426(h)

55.     Kevin repeats and realleges each and every allegation set forth in paragraphs 1-54, inclusive, and incorporates them herein by reference.

56.     Kevin has suffered economic damages in excess of $1,000,000 due to the IRS's intentional, reckless, or negligent collections and illegal seizures of property, in which he had an interest.

57.     Kevin seeks $1,000,000 in economic damages for the wrongful collection actions. The IRS's wrongful actions caused his interest in Chowns (e.g., his stock interest) to decrease in value by more than $1,000,000.

58.     Finally, Kevin seeks damages of $500,000 for emotional distress and economic damages that resulted from health complications caused by the IRS's unlawful actions. Kevin suffered from loss of sleep and anxiety as a result the stressful experience during and after the unlawful seizures of Chowns' property. In addition, Kevin has developed a nervous tic caused by the stress and anxiety. This resulted in medical bills and caused further damage to Chowns' ability to recover, and thus to the value of his interest in Chowns.

59.     Under 26 U.S.C. § 7426(h), Kevin is entitled to direct economic damages from the IRS in the amount of $1,000,000 because the actual, direct economic damages exceed $1,000,000.

## THE PLAINTIFF'S CLAIMS UNDER 26 U.S.C. § 7430

60.     The Plaintiffs reallege each allegation heretofore made.

61.     The IRS has acted in each of the actions set forth above without substantial justification and each of the Plaintiffs is entitled to attorney's fees pursuant to 26 U.S.C. § 7430.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against Defendant for all amounts set forth in this Complaint with interest thereon and such other and further relief as may be just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues in this case.

Respectfully submitted,

DATED this *August 9*, 2021           By: _____

Jay Bauer
PA Bar #59371

Jay Bauer
PO Box 697
2053 Cressman Road
Skippack, PA 19474
610-584-0240
j.bauer@echowns.com

**ATTORNEY FOR PLAINTIFFS**

# EXHIBIT A





October 7, 2019

Charles P. Rettig, Esquire
Commissioner of the Internal Revenue Service
10th Street & Pennsylvania Ave., NW
Washington, D.C. 20004

RE: CHOWNS FABRICATION & RIGGING, INC.
EIN 72-0000000

**IRS ABUSE OF TAXPAYER RIGHT TO COUNSEL**

Dear Commissioner Rettig:

I am Kevin Chowns, President of Chowns Fabrication & Rigging, Inc. ("Chowns"). I and the taxpayer, Chowns, have been dealing with Revenue Officer Kerry Martin in the IRS office located in Horsham, Pennsylvania for approximately four (4) years. This is the first time I have found it necessary to contact the Commissioner about a problem I have with IRS employee, Kerry Martin. In this case I have found it necessary to file a TIGTA complaint against the Revenue Agent. This matter involves, among other things, an IRS agent who violated the Chowns's right to representation. Please be assured that I do not take the filing of a complaint against an IRS official lightly and I would not be presenting a complaint on behalf of Chowns now if I did not believe the facts, circumstances and the interests of justice warranted it.

**SUMMARY OF THE FACTS**

IRS Revenue Agent Kerry Martin has contacted me directly, on many occasions, even though I had on file a power of attorney authorizing David Petzinger to represent both me and the taxpayer. In one especially egregious case, Kerry Martin visited Chowns's place of business and demanded payment for back taxes. I admit that I was intimidated, unfortunately, and promptly paid Mr. Martin the amount demanded without taking an opportunity to review his request with my representative, David Petzinger. As it turns out, I made a critical error in making the aforementioned payment. Mr. Petzinger explained that any payments made were to be applied against the oldest tax liability as Chowns was "well behind on tax payments". The payment demanded by Mr. Martin was applied against an outstanding tax liability from a later tax period. Mr. Petzinger was attempting to resolve this matter with Appeals and, at the same, get Chowns caught up and pay the trust tax and my personal liability. Obviously, Mr. Petzinger's plan failed due to the unlawful acts of Kerry Martin.

What is particularly outrageous is the Notice of Levy directed at Aireko Abroad, LLC by Kerry Martin. On August 12, 2019, Mr. Martin informed Chowns that there would be no enforcement action taken. The Notice of Levy is dated August 19, 2019. All of this transpired after the following occurred: a. Chowns submitted a fully supported and documented Collection Appeal Request, Form 9423, on July 10, 2019; b. On August 13, 2019, Chowns filed for a Collection Due Process Hearing using Form 12153; c. I had been contacted by an Appeals officer wherein Chowns appeal was acknowledged. The actions of Mr. Martin provide a textbook example of an IRS official's violation of statutorily granted right and it should not be disregarded or set aside.

**THE IRS HAS A CULTURE OF DISRESPECT FOR IRS REPRESENTATIVES**

As a lawyer, you can appreciate how disturbing this is and why so many taxpayers and IRS representatives believe that the IRS pays only lip-service to a taxpayer's right to representation. The Kerry Martin case is, I believe, merely a symptom of a bureaucratic culture that disrespects and disregards a taxpayer's unequivocal right to representation in matters before the IRS. For every one of those obvious violations of a taxpayer's right to counsel there are hundreds of more subtle abuses, and, based on my research, here is a non-exhaustive list of acts in which IRS Revenue Agents regularly engage that either eliminate or diminish a taxpayer's right to counsel:

1. **Unreasonable Demands and Unreasonable Deadlines:** Revenue Agents often impose unreasonable and unfair time deadlines for return telephone calls from IRS representatives and then, when those strict deadlines are not met, use that fact as an excuse to contact the taxpayer directly and tell them that their representative isn't doing his or her job;

2. **General Disparagement of IRS Representatives:** Revenue Agents frequently discourage unrepresented taxpayers from hiring counsel at the same time they disclose to them the IRS Declaration of Rights, the first listed right of which is the taxpayer's right to representation;

3. **POAs are Routinely Rejected and Declined Based on Technicalities:** IRS personnel regularly decline or return Powers of Attorney for insignificant, technical reasons. There is great inconsistency among IRS Revenue Agents as to the correct preparation of Form 2848;

4. **Preparation of Forms "For the Benefit Of" Taxpayers:** Many Revenue Agents will hastily prepare financial statements and conduct Form 4180 interviews without telling the taxpayer that these documents are signed under the penalty of perjury. The Agent should make this very clear to the taxpayer and remind him or her of the taxpayer's right to counsel. The Revenue Agent cannot and should not give any counsel, or, make any recommendation to the taxpayer because he or she has a clear conflict of interest; and,

5. **The Unlicensed Practice of Law:** When dealing with unrepresented taxpayers, Revenue Agents regularly take it upon themselves to give taxpayers legal advice. There are two obvious problems here – <u>A.</u> Unless the Revenue Agent is authorized to practice law, this conduct constitutes the unlicensed practice of law and is illegal, and, <u>B.</u> Even if the Revenue Agent is authorized to practice law, he or she has a clear conflict of interest and should disclose that fact to the taxpayer and (at least in accordance with the Rules Regulating the Pennsylvania Bar) obtain a written waiver of the conflict.

**SANCTIONS FOR ABUSE BY IRS EMPLOYEES OF TAXPAYER RIGHTS**

If a taxpayer's right to representation is not just an illusory concept, these types of abuses, both the obvious and the subtle abuses, must be eliminated. The IRS has the mechanism to do it. Congress passed a law in 1998 that requires the IRS to swiftly and severely deal with such abuses. The IRS's anti-retaliation policy (*Section 1203(b)(6) of RRA '98*) states: Violations of the Internal Revenue Code of 1986, Department of Treasury regulations, or policies of the Internal Revenue Service (including the Internal Revenue Manual) for the purpose of retaliating against, or harassing, a taxpayer, taxpayer representative, or other employee of the Internal Revenue Service [is an act or omission requiring termination].

I forwarded copies of this letter to Ms. Bridget T. Roberts, Acting National Taxpayer Advocate, Mr. Richard E. Neal, Chairman of the House Ways and Means Committee, and Senator Patrick J. Toomey, Jr. of Pennsylvania. One of the most frustrating facts that I have learned about these abuses is that in at least 80% of the cases, an IRS representative facilitates collection of an outstanding IRS debt. For example, Chowns's own representative advised Chowns to enter into a payment arrangement with the government. The representative is clearly not the enemy. Why is it then that the IRS continues to treat representatives as if they were enemy combatants?

**REQUEST FOR IMPOSITION OF SANCTIONS AGAINST REVENUE OFFICER KERRY MARTIN**

While I do not desire to see anyone lose his or her job, especially in a period of economic uncertainty like we are experiencing now, I do not see the rationale of having an Anti-Retaliation policy if that policy is never enforced. Please bear in mind that Mr. Martin did not merely speak with me about Chowns's case, he expressly, deliberately and repeatedly tried to persuade me to deal directly with him and not through Chowns's representative. I cannot imagine a clearer violation of the Anti-Retaliation provisions of RRA '98. The law provides for termination in these cases and the taxpayer, Chowns, and I seek only what the law demands.

Thank you in advance for your attention to this very important matter. If you have any questions or require further information, including a meeting at your convenience, please have your administrative assistant contact me.

Sincerely,

Kevin Chowns

cc: Bridget T. Roberts, Acting National Taxpayer Advocate
    Richard E. Neal, Chairman of the House Ways and Means Committee
    U.S. Senator Patrick J. Toomey, Jr. of Pennsylvania

A - 3



**Internal Revenue Service**
Civil Rights Division

_____

*Equity, Diversity and Inclusion Operations*
*1111 Constitution Avenue, NW*
*Washington, DC 20224*

## <u>COMPLAINT FORM</u>

The purpose of this form is to assist you when filing a civil rights complaint with the Department of the Treasury - Internal Revenue Service.  You are not required to use this form.  A letter with the necessary complaint information will be sufficient to file a complaint.

Under no circumstances will the Internal Revenue Service tolerate discrimination by its employees, grantees, contractors and/or subcontractors.

Any person who believes that he/she has been discriminated against in programs or activities conducted by the Internal Revenue Service may file a complaint in writing or use this form.  If you need assistance completing the form, you may contact us at (202) 317-6925.

1.  State your name and address *(print clearly)*:

Name: _____Chowns Fabrication & Rigging Inc_____
Address: _____2053 Cressman Road_____
_____Skippack  Pa  19474_____
Telephone:  Home: (_____) _____ Work or Cell: (610  )584-0240
Email: _____officeadmin@echowns.com_____

2.  Who do you believe discriminated against you?  Provide as much information as possible.

Name Agency or Entity:_____Kerry Martin, Revenue Officer_____
Address: _____200 Lakeside Drive, Suite 200, Horsham Pa  19044_____
Telephone:  Home: (_____)_____Work or Cell: (215)  344-6604

3. Please indicate below the basis(es) on which you believe the discriminatory act(s) occurred:

_xx_ Race:_Caucasian_____
_xx_ Color:_White_____
_____ National Origin:_____
_____ Sex:_____
_____ Age:_____
_____ Disability:_____
_xx_ Other:_Cultural Bias_____

A - 4

4. What is the preferred method for us to contact you about this complaint?

____Telephone          ____ E-mail          ____ Fax          xx__ U.S. Mail

5. Do you need special accommodations for us to communicate with you about this complaint? (Check all that apply.)

No

☐ Braille
☐ TDD/TTY
☐ Large Print
☐ E-mail
☐ Foreign language interpreter (specify language): _____

6. To your best recollection, on what date(s) did the alleged discrimination take place?

See attached
_____
_____
_____
_____
_____

7. Complaints of discrimination must generally be filed within 180 days of the alleged incident.  If the most recent date was more than 180 days ago, you may request a waiver of the time filing requirement.  If you wish to request a waiver, please explain why you were unable to file your complaint within 180 days of the alleged incident.

See attached
_____
_____
_____
_____
_____

8. Please explain, with as much detail as possible, what happened, who was involved, why you believe it happened, and how you were discriminated against.  If possible, be sure to include an explanation of how you were treated differently from other persons.

See attached
_____
_____
_____
_____
_____

9. The IRS,  Low Income Tax Clinic (LITC) employees, Volunteer Income Tax Assistance (VITA) and Tax Counseling for the Elderly (TCE) volunteers, may not retaliate against any person who has made a complaint, testified, assisted or participated in any manner in any investigation or proceeding under the statutes, executive orders, and regulations governing federal programs.  If you believe that an IRS or LITC employee, or a VITA or TCE volunteer, has retaliated against you for filing a complaint of discrimination, please explain below.

No
_____
_____
_____
_____
_____

A - 5

you have any other information that you think is relevant to our investigation of
allegations?

_____
_____
_____
_____
_____
_____

11. What remedy are you seeking for the alleged discrimination?

Release of levy

Compensatory damages -    attorney fees $10,000.
                          interference w/contractual relations $100,000.
                          defamation $50,000.

Please sign and date the Complaint Form below.

_____                    10/4/19
(Signature)    Kevin Chowns              (Date)  October 4   2019

We will also need your consent to disclose your name, if necessary, in the course of the
investigation.  Please sign the attached Consent Form and mail both the completed
Complaint Form and Consent Form, to the following address:

Operations Director, Civil Rights Division
Internal Revenue Service
1111 Constitution
Avenue, NW Room 2413
Washington, DC 20224

How did you learn about the IRS Civil Rights Division?

[xx] IRS Website/Internet Search       [ ] Family/Friend/Associate      [ ] Religious/Community Org

[ ] Lawyer/Legal Organization          [ ] Employer                      [ ] Fed/State/Local Gov

[ ] Healthcare Provider/Health Plan    [ ] Conference/OCR Brochure       [ ] Other

The Paperwork Reduction Act of 1995 (44 U.S.C. 3501 et seq.) requires us to inform you that the
requested information is being collected to ensure that we receive all the information that is needed to
process your complaint upon acceptance. The primary purpose of this form is to obtain information
pertaining to your civil rights complaint.  Our legal authority to request this information is the Department
of Justice, Investigation Procedures Manual. The CRD will not disclose the name or other identifying
information about the complaining individual unless the disclosure is necessary for investigation or
enforcement purposes and we have obtained a signed consent/release from that individual, OR unless
disclosure of such information is both necessary and permitted absent consent pursuant to the provisions
of the Privacy Act of 1974 (5 U.S.C. §552a), the Freedom of Information Act (5 U.S.C. §552), and/or
other federal law.

A - 6

KEVIN CHOWNS
4489 PERKIOMEN CREEK ROAD
COLLEGEVILLE, PA 19426
(610) 584-0240

March 10, 2021

J. Russell George, Esquire
Treasury Inspector General for Tax Administration
1401 H Street, NW, Suite 469
Washington, D.C. 20005

**RE: Kerry C. Martin, Revenue Officer, Employee ID: 1000213177**
**200 Lakeside Drive, Suite 220, Horsham, Pennsylvania 19044**

Dear Mr. George:

My name is Kevin Chowns and I am the president of Chowns Fabrication & Rigging, Inc. (Chowns). In previous correspondence, I have complained about the conduct of Kerry Martin, an IRS Revenue Officer in the Horsham, Pennsylvania office. Mr. Martin is the revenue officer responsible for collecting the employment taxes owed by Chowns.

The seriousness of Mr. Martin's behavior cannot be understated. Mr. Martin's misuse and abuse of IRS authority are the types of activity that undermine its core revenue function and gravely threatens public confidence in the administration of government. To be blunt, Mr. Martin has engaged in outright intimidation by confronting me in my office while carrying a concealed weapon. He intentionally bypassed my authorized representative, contacted me directly, and demanded payment from me in person and without any prior notice. Mr. Martin's actions have been over the top, exhibiting the worst extremes of bad faith and intentional misconduct. And, he abused his official discretion when he refused to consider Chowns's explanation for reasonable cause, issued wrongful levies to third parties, and threatened to harass business associates and employees of Chowns.

While there is a substantial likelihood that additional, relevant evidence exists that has not yet been disclosed, there is already ample evidence available to undertake a thorough preliminary inquiry. It is vitally important to me that the appropriate authority within the Treasury Department undertakes a thorough investigation, imposes appropriate sanctions, and takes further action to ensure that such conduct is never repeated.

This complaint is divided into three parts. Part I provides background information about the arbitrary and capricious context of Kerry Martin's actions, which were undertaken for the purpose of causing harm to Chowns. Part II outlines specific actions by Kerry Martin; and Part III sets forth the violations that must be addressed.

1

A - 7

I.        **The Arbitrary and Capricious Context of Kerry Martin's Actions**

Chowns operated a structural steel fabrication business. The company bid on construction projects to supply the steel package as specified to be incorporated into building projects. The company acted as a subcontractor to general contractors and developers primarily dealing in the construction of new commercial/industrial buildings.

Unfortunately, an unexpected downturn in the overall economy, the Great Recession, impacted the construction industry negatively, and, in turn, Chowns was injured, financially, very severely. Its ability to pay its obligations was hampered as business slowed down and the company contracted in size. Faced with the lack of cash flow and not being able to generate sales as the company anticipated, Chowns started missing making employment tax deposits and tax payments as they became due.

Chowns was constrained from paying its employment taxes by operation of law and construction industry payment standards. In order to receive payment for work performed, a subcontractor is required to provide proof of payment for materials and labor supplied on a project. The general contractors paid Chowns's vendors directly or by joint check to ensure payment of the material suppliers and labor. The result of this payment condition is that the company did not control the receipt of its cash due on account and was, therefore, unable to make its tax payments through no fault of its own.

Chowns did not willfully fail to pay and or deposit its employment tax obligations. There was no intent on the part of the Chowns not to pay the tax.

Chowns has demonstrated that it exercised ordinary business care and prudence. Chowns employed qualified financial support personnel and relied upon tax professionals to prepare and pay tax returns timely. It has always acted responsibly in this regard. For reasons entirely out of Chowns's control, it was unable to timely deposit and pay its employment taxes.

Chowns responded to all of the requests of Mr. Martin and attempted to pay its employment taxes. Mr. Martin, in his discretion, denied Chowns's requests for abatement of penalties and interest, and, a substantial portion of the payments collected were applied to the penalties and interest that were assessed. Ultimately, Chowns filed for bankruptcy protection on July 9, 2018.

The culmination of Mr. Martin's collection activities occurred on July 10, 2019, after Chowns filed its Collection Appeal Request and the IRS filed two Notices of Federal Tax Lien, one on July 31 and one on August 1 of 2019. Thereafter, Notices of Levy were sent to Aireko Abroad, LLC and C. Abbonizio Contractors, Inc. on August 19, 2019.

At the time revenue officer Martin was conducting these collection actions, he was aware that Chowns did not own any assets and had ceased operations. Mr. Martin informed Chowns on August 12, 2019 that he would not take collection action pending the outcome of Chowns's appeals.

## II.      Kerry Martin Abused his Position Causing Severe Financial Hardship to Chowns

On September 6, 2019, Chowns directed Mr. Martin to refrain from taking further collection action. (This correspondence is attached as Exhibit A.) As described above, the collection activity continued while the appeals process was ongoing. Mr. Martin failed to respond, but, more importantly, he did not act. Chowns's requests for withdrawal of the levies and liens went unheeded.

On October 7, 2019, Chowns contacted the Commissioner of the Internal Revenue Service, Mr. Charles Rettig, describing the unfair treatment received at the hands of Mr. Martin. (This correspondence is attached as Exhibit B.) David Petzinger had POA to represent Chowns which Mr. Martin refused to acknowledge, personally contacting Chowns and employing intimidation tactics.

On October 11, 2019, Chowns requested assistance from the IRS Taxpayer Advocate. (This correspondence is attached as Exhibit C.) Chowns was seeking relief from the egregious actions of Mr. Martin as documented above. During this same period, Chowns was complaining to the IRS and governmental representatives asking for intervention on its behalf. Chowns submitted another request to Mr. Martin wherein it requested he have no further involvement with Chowns. (This correspondence is attached as Exhibit D.)

On July 24, 2020, Chowns responded to IRS Letter 3164-X from Mr. Martin claiming that Chowns had unfiled tax returns. (This correspondence is attached as Exhibit E.) The claim that Chowns had not filed tax returns was false and Mr. Martin was aware that the claim was not true. This was a blatant intimidation tactic which contained a threat to harass business partners and associates of Chowns, its bank, employees and neighbors.

The purpose of Mr. Martin's actions is plain: it is an attempt to create fear through the use of intimidation and strong-arm tactics to collect taxes under false pretenses. Chowns failed in part due to the pressure exerted by Mr. Martin and his collection efforts. Mr. Martin derailed Chowns turnaround plan and in the process disrupted the orderly payment of taxes and other obligations by attaching bank accounts for assessments of penalties and interest that were assessed in error.

On June 10, 2020, Chowns received notice from the Internal Revenue Service Office of Appeals that it was granted a full abatement and relief from the imposition of penalties and interest for reasonable cause for the following tax periods: Form 941 – 12/2013, 09/2014, 12/2014, 03/2015, 06/2015, 09/2015, 12/2015, 03/2016, 06/2016, 09/2016, 03/2018, 06/2018, 09/2018; Form 940 – 12/2014, 12/2015, 12/2016, 12/2018; Form 1120S – 12/2014. Enclosed for you review are copies of the closing letters (IRS Letter 1278) which advise Chowns that its reason for requesting an adjustment to penalties and interest charged is acceptable and that the penalties and interest have been cancelled (The Penalty Abatement Letters are attached as Exhibit F.)

## III.      Violations of IRS Rules of Conduct

The actions detailed above constitute: (i) interference with IRS proceedings; (ii) misuse of official resources for illegal purposes; (iii) the appearance of impropriety; and (iv) improper conduct which may reflect upon the IRS.  All of these actions appear to have been undertaken for personal gain, rather than official purposes.  Additionally, Mr. Martin's repeated transgressions, after being explicitly informed that his conduct was inappropriate, violates the IRS Code of Ethics.  We request that your office, in accordance with its mandate, investigate each violation accordingly and impose appropriate sanctions.

Please review the attached information and contact the undersigned should you require any additional information.

Thank you for your consideration.

Very truly yours,

Kevin Chowns

cc:   Charles P. Rettig, Esquire
      Commissioner of the Internal Revenue Service
      10th Street & Pennsylvania Ave., NW
      Washington, D.C. 20004

# EXHIBIT A

September 6, 2019


Kerry Martin
Internal Revenue Service
200 Lakeside Drive, Suite 200
Horsham, PA 19044

**RE: Chowns Fabrication & Rigging, Inc.**

~~EIN 23-2863811~~

**DEMAND TO CEASE AND DESIST COLLECTION ACTIVITY**

Dear Mr. Martin:

We demand that you refrain from taking any/all collection actions regarding the alleged unpaid tax and assessments that the Internal Revenue Service claims is due from Chowns Fabrication & Rigging, Inc. ("Chowns"). The Notice of Levy that you recently sent to Aireko Abroad, LLC, is inappropriate, unwarranted and illegal. The issuance of the Notice of Levy was both arbitrary and capricious, the sole intent of which was to harass and embarrass all of the parties involved.

On July 10, 2019, Chowns submitted Form 9423, Collection Appeal Request, which covered all tax periods and types of tax being appealed that the Internal Revenue Service claims is due from Chowns. Subsequently, we received a telephone call from the appeals officer acknowledging that the request was being reviewed. In addition, we provided you with an explanation of reasonable cause and the information supporting our assertion that the unpaid taxes are uncollectible, which you had requested from us.

Then, on August 13, 2019, Chowns submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to two (2) Notices of Federal Tax Lien dated July 31, 2019, and August 1, 2019.

The only contact that we have received from the Internal Revenue Service is correspondence dated August 19, 2019, when we received four (4) Letter 2413's, stating that our request for penalty adjustment is denied. In accordance with instructions contained in the letters, we filed a written statement requesting further consideration by an appeals officer and appealed the findings in the 2413 letters. Our appeal was filed on September 3, 2019.

In summary, to date, we have not been afforded the opportunity to participate in the appeals process and, being fully aware of our appeals status you, then, flagrantly violated our rights with the oppressive action of issuing the Notice of Levy. We respectfully request that release the levy and rescind any other collection action that you may have instigated pending the conclusion of the appeals process.

Thank you for your immediate attention to this matter.

Sincerely,

Kevin Chowns

# EXHIBIT B

October 7, 2019

Charles P. Rettig, Esquire
Commissioner of the Internal Revenue Service
10th Street & Pennsylvania Ave., NW
Washington, D.C. 20004

**RE: CHOWNS FABRICATION & RIGGING, INC.**
~~EIN 23-2868311~~
**IRS ABUSE OF TAXPAYER RIGHT TO COUNSEL**

Dear Commissioner Rettig:

I am Kevin Chowns, President of Chowns Fabrication & Rigging, Inc. ("Chowns"). I and the taxpayer, Chowns, have been dealing with Revenue Officer Kerry Martin in the IRS office located in Horsham, Pennsylvania for approximately four (4) years. This is the first time I have found it necessary to contact the Commissioner about a problem I have with IRS employee, Kerry Martin. In this case I have found it necessary to file a TIGTA complaint against the Revenue Agent. This matter involves, among other things, an IRS agent who violated the Chowns's right to representation. Please be assured that I do not take the filing of a complaint against an IRS official lightly and I would not be presenting a complaint on behalf of Chowns now if I did not believe the facts, circumstances and the interests of justice warranted it.

**SUMMARY OF THE FACTS**

IRS Revenue Agent Kerry Martin has contacted me directly, on many occasions, even though I had on file a power of attorney authorizing David Petzinger to represent both me and the taxpayer. In one especially egregious case, Kerry Martin visited Chowns's place of business and demanded payment for back taxes. I admit that I was intimidated, unfortunately, and promptly paid Mr. Martin the amount demanded without taking an opportunity to review his request with my representative, David Petzinger. As it turns out, I made a critical error in making the aforementioned payment. Mr. Petzinger explained that any payments made were to be applied against the oldest tax liability as Chowns was "well behind on tax payments". The payment demanded by Mr. Martin was applied against an outstanding tax liability from a later tax period. Mr. Petzinger was attempting to resolve this matter with Appeals and, at the same, get Chowns caught up and pay the trust tax and my personal liability. Obviously, Mr. Petzinger's plan failed due to the unlawful acts of Kerry Martin.

What is particularly outrageous is the Notice of Levy directed at Aireko Abroad, LLC by Kerry Martin. On August 12, 2019, Mr. Martin informed Chowns that there would be no enforcement action taken. The Notice of Levy is dated August 19, 2019. All of this transpired after the following occurred: a. Chowns submitted a fully supported and documented Collection Appeal Request, Form 9423, on July 10, 2019; b. On August 13, 2019, Chowns filed for a Collection Due Process Hearing using Form 12153; c. I had been contacted by an Appeals officer wherein Chowns appeal was acknowledged. The actions of Mr. Martin provide a textbook example of an IRS official's violation of statutorily granted right and it should not be disregarded or set aside.

A - 15

**THE IRS HAS A CULTURE OF DISRESPECT FOR IRS REPRESENTATIVES**

As a lawyer, you can appreciate how disturbing this is and why so many taxpayers and IRS representatives believe that the IRS pays only lip-service to a taxpayer's right to representation. The Kerry Martin case is, I believe, merely a symptom of a bureaucratic culture that disrespects and disregards a taxpayer's unequivocal right to representation in matters before the IRS. For every one of those obvious violations of a taxpayer's right to counsel there are hundreds of more subtle abuses, and, based on my research, here is a non-exhaustive list of acts in which IRS Revenue Agents regularly engage that either eliminate or diminish a taxpayer's right to counsel:

1. **Unreasonable Demands and Unreasonable Deadlines:** Revenue Agents often impose unreasonable and unfair time deadlines for return telephone calls from IRS representatives and then, when those strict deadlines are not met, use that fact as an excuse to contact the taxpayer directly and tell them that their representative isn't doing his or her job;

2. **General Disparagement of IRS Representatives:** Revenue Agents frequently discourage unrepresented taxpayers from hiring counsel at the same time they disclose to them the IRS Declaration of Rights, the first listed right of which is the taxpayer's right to representation;

3. **POAs are Routinely Rejected and Declined Based on Technicalities:** IRS personnel regularly decline or return Powers of Attorney for insignificant, technical reasons. There is great inconsistency among IRS Revenue Agents as to the correct preparation of Form 2848;

4. **Preparation of Forms "For the Benefit Of" Taxpayers:** Many Revenue Agents will hastily prepare financial statements and conduct Form 4180 interviews without telling the taxpayer that these documents are signed under the penalty of perjury. The Agent should make this very clear to the taxpayer and remind him or her of the taxpayer's right to counsel. The Revenue Agent cannot and should not give any counsel, or, make any recommendation to the taxpayer because he or she has a clear conflict of interest; and,

5. **The Unlicensed Practice of Law:** When dealing with unrepresented taxpayers, Revenue Agents regularly take it upon themselves to give taxpayers legal advice. There are two obvious problems here – <u>A.</u> Unless the Revenue Agent is authorized to practice law, this conduct constitutes the unlicensed practice of law and is illegal, and, <u>B.</u> Even if the Revenue Agent is authorized to practice law, he or she has a clear conflict of interest and should disclose that fact to the taxpayer and (at least in accordance with the Rules Regulating the Pennsylvania Bar) obtain a written waiver of the conflict.

**SANCTIONS FOR ABUSE BY IRS EMPLOYEES OF TAXPAYER RIGHTS**

If a taxpayer's right to representation is not just an illusory concept, these types of abuses, both the obvious and the subtle abuses, must be eliminated. The IRS has the mechanism to do it. Congress passed a law in 1998 that requires the IRS to swiftly and severely deal with such abuses. The IRS's anti-retaliation policy (*Section 1203(b)(6) of RRA '98*) states: Violations of the Internal Revenue Code of 1986, Department of Treasury regulations, or policies of the Internal Revenue Service (including the Internal Revenue Manual) for the purpose of retaliating against, or harassing, a taxpayer, taxpayer representative, or other employee of the Internal Revenue Service [is an act or omission requiring termination].

I forwarded copies of this letter to Ms. Bridget T. Roberts, Acting National Taxpayer Advocate, Mr. Richard E. Neal, Chairman of the House Ways and Means Committee, and Senator Patrick J. Toomey, Jr. of Pennsylvania. One of the most frustrating facts that I have learned about these abuses is that in at least 80% of the cases, an IRS representative facilitates collection of an outstanding IRS debt. For example, Chowns's own representative advised Chowns to enter into a payment arrangement with the government. The representative is clearly not the enemy. Why is it then that the IRS continues to treat representatives as if they were enemy combatants?

**REQUEST FOR IMPOSITION OF SANCTIONS AGAINST REVENUE OFFICER KERRY MARTIN**

While I do not desire to see anyone lose his or her job, especially in a period of economic uncertainty like we are experiencing now, I do not see the rationale of having an Anti-Retaliation policy if that policy is never enforced. Please bear in mind that Mr. Martin did not merely speak with me about Chowns's case, he expressly, deliberately and repeatedly tried to persuade me to deal directly with him and not through Chowns's representative. I cannot imagine a clearer violation of the Anti-Retaliation provisions of RRA '98. The law provides for termination in these cases and the taxpayer, Chowns, and I seek only what the law demands.

Thank you in advance for your attention to this very important matter. If you have any questions or require further information, including a meeting at your convenience, please have your administrative assistant contact me.

Sincerely,

Kevin Chowns

cc: Bridget T. Roberts, Acting National Taxpayer Advocate
Richard E. Neal, Chairman of the House Ways and Means Committee
U.S. Senator Patrick J. Toomey, Jr. of Pennsylvania

# EXHIBIT C

October 11, 2019

IRS Taxpayer Advocate
600 Arch Street, Room 7426
Philadelphia, PA 19106

RE: **Chowns Fabrication & Rigging, Inc.**
~~EIN 23-2868311~~

   **REQUEST FOR CNC, NON-COLLECTIBLE STATUS**

Dear Sir:

Please be advised that this is my second appeal for assistance from your office. I previously requested aid on September 24, 2019. For your information, I have filed complaints with the IRS commissioner and my congressional representatives. Also, I requested that IRS revenue officer Kerry Martin recuse himself from working on collection matters having to do with Chowns Fabrication & Rigging, Inc.

It has become evident that the IRS has engaged in abusive conduct. Their collection efforts to date have been inappropriate and illegal. And, attempts to be heard by the IRS Appeals Office have been illusory.

Chowns Fabrication & Rigging, Inc. submitted Form 433-B, which shows that it does not have assets, along with a letter dated September 4, 2019 to Mr. Kerry Martin also stating that Chowns does have any assets. Chowns is not currently conducting any business activity.

I filed Form 9423, Collection Appeal Request, in July. After submitting Form 9423, I received a call back from the Office of Appeals and they indicated that the CAP appeal was accepted and will move forward. I have received no further contact regarding the appeal.

Please call me if you have any questions.

Thank you for your consideration.

Sincerely,

Kevin Chowns

# EXHIBIT D

October 11, 2019

Kerry Martin
Internal Revenue Service
200 Lakeside Drive, Suite 200
Horsham, PA 19044

**RE: Chowns Fabrication & Rigging, Inc.**
    EIN 23-2868311

Dear Mr. Martin:

I hereby request that you decline further involvement and accept no official responsibilities on behalf of the IRS going forward with respect to Chowns Fabrication & Rigging, Inc. ("Chowns"). Based on the heavy-handed treatment dealt out by you, I request that another revenue officer be assigned to Chowns. You have lost all objectivity and credibility. And, you have not been forthright in your interaction with Chowns.

In addition to Aireko Abroad, LLC, who else have you sent a Notice of Levy? Please provide copies.

Regarding my request for refund of $4,875, (paid in error), do you intend to respond? Please answer.

Is enforcement action suspended pending Appeals? If so, please indicate effective date.

Thank you for your immediate attention to this matter.

Sincerely,

Kevin Chowns

A - 21

# EXHIBIT E

Kevin Chowns
P.O. Box 697
Skippack, PA 19474

July 24, 2020

Kerry Martin
Internal Revenue Service
200 Lakeside Drive, Suite 200
Horsham, PA 19044

**RE: Chowns Fabrication & Rigging, Inc.**

~~EIN 23-2368311~~

**Letter 3164-X Dated July 21, 2020**

Dear Mr. Martin:

Previously, I requested that you decline further involvement with respect to Chowns Fabrication & Rigging, Inc. ("Chowns"). The attached letter referenced above is a continuation of the harassment tactics and unfair procedures that form the basis for your conduct in carrying out your duties at the IRS. The returns referred to in the letter have been filed. It is a fact that can easily be proven based on the established record. And, there are no other unfiled returns. Once again, based on the heavy-handed treatment dealt out by you, I request that another revenue officer be assigned to this account. You are no longer objective and, frankly, your conduct is offensive.

Attached are copies of the returns which you claim are unfiled. Please note that that the filing record for Chowns Fabrication & Rigging, Inc. is good. In fact, on June 10, 2020, Chowns was informed that penalties that had been previously assessed on the same periods were abated.

I intend to report this incident to the proper authority within the IRS.

Please guide your actions accordingly.

Sincerely,

Kevin Chowns

encl.

A - 23



**IRS**

Department of the Treasury
**Internal Revenue Service**
200 LAKESIDE DRIVE, SUITE 220
HORSHAM, PA 19044

Date:
7/21/2020
**Taxpayer ID number (last 4 digits):**
XX-XXX-XXXX

CHOWNS FABRICATION AND RIGGING INC
% KEVIN M CHOWNS
PO BOX 697
SKIPPACK, PA 19474-0697977

**Person to Contact:**
Name: KERRY C MARTIN
ID Number:  1000213177
Telephone: (215)344-6604
Fax:  (888)843-6902
Hours: 7am-3pm Mon. - Fri.

We're attempting to get unfiled returns from you.  You should know about this from our previous contacts with you.

Generally, the IRS will deal directly with you or your duly authorized representative.  However, we sometimes talk with other persons if we need information that you've been unable to provide, or to verify information we've received.

We're writing to tell you we intend to contact other persons such as a neighbor, a bank, an employer, or employees.  When we contact other persons, we generally need to tell them limited information, such as your name.

The law prohibits us from disclosing more information than is necessary to obtain or verify the information we're seeking. We will make contact beginning 46 days from the date of this letter, on 9/5/2020, and ending one year later, on  9/5/2021. You have a right to request a list of those contacted. You can make your request by telephone, in writing, or during a personal interview.

The Taxpayer Bill of Rights describes ten basic rights that all taxpayers have when dealing with the IRS. To help you understand what these rights mean to you and how they apply, visit our website at www.irs.gov/tbor.

If you have questions about this letter or want to request a list of the other people we've contacted, you can contact the person at the top of this letter. When you write, include the person to contact's name and the employee ID number shown above.

Sincerely,

KERRY C MARTIN
REVENUE OFFICER

Enclosure:
Publication 1
Letter 3164-X

A - 24

**Letter 3164**
Catalog Number

# EXHIBIT F

06/10/2020 3:55:48 PM -0500 IRS                                    PAGE 2   OF 2

 **Department of the Treasury**
**Internal Revenue Service**
**Appeals Office**
4330 Watt Avenue
SA 7890
Sacramento, CA 95821-7012

Date:   June 10, 2020

Person to contact:
  Name: Susan K Paladini
  Employee ID Number: 1000507213
  Phone: 916-974-5316
  Fax: 855-241-0820
Re:
  Penalty Appeals
Tax periods ended:
  12/2013 09/2014 12/2014 03/2015
  06/2015 09/2015 12/2015 03/2016
  09/2016 03/2018 06/2018 06/2016
  09/2018
Amount of assessed penalties:
  $125,469.09
IRC sections:
  6651(a)(1) & (2), 6656(a)

CHOWNS FABRICATION AND RIGGING INC
% KEVIN M CHOWNS
PO BOX 697
SKIPPACK, PA 19474

Dear Mr. CHOWNS:

I completed my review of your request to adjust the penalties assessed against you. Based on the information submitted, I am pleased to advise you the penalties will be abated (removed) in full. When this action has been completed, you will receive an adjustment notice from the Service Center, which originally assessed the penalty.

If you have any additional questions, please contact the person shown at the top of this letter.

Sincerely,

*Tim Jarvis*

Timothy D Jarvis
Appeals Team Manager

Letter 1278 (Rev. 5-2017)
Catalog Number   A - 26



**Department of the Treasury**
**Internal Revenue Service**
**Appeals Office**
4330 Watt Avenue
SA 7890
Sacramento, CA 95821-7012

Date:   June 10, 2020

Person to contact:
  Name: Susan K Paladini
  Employee ID Number: 1000507213
  Phone: 916-974-5316
  Fax: 855-241-0820
Re:
  Penalty Appeals
Tax periods ended:
  12/2014 12/2015 12/2016 12/2018
Amount of assessed penalties:
  $6,391.79
IRC sections:
  6651(a)(1) & (2), 6656(a)

CHOWNS FABRICATION AND RIGGING INC
% KEVIN M CHOWNS
PO BOX 697
SKIPPACK, PA 19474

Dear Mr. CHOWNS:

I completed my review of your request to adjust the penalties assessed against you. Based on the information submitted, I am pleased to advise you the penalties will be abated (removed) in full. When this action has been completed, you will receive an adjustment notice from the Service Center, which originally assessed the penalty.

If you have any additional questions, please contact the person shown at the top of this letter.

Sincerely,

*Tim Jarvis*

Timothy D Jarvis
Appeals Team Manager

Letter 1278 (Rev. 5-2017)
Catalog Numb
A - 27

 **Department of the Treasury**
**Internal Revenue Service**
**Appeals Office**
4330 Watt Avenue
SA 7890
Sacramento, CA 95821-7012

Date:   June 10, 2020

Person to contact:
  Name: Susan K Paladini
  Employee ID Number: 1000507213
  Phone: 916-974-5316
  Fax: 855-241-0820
Re:
  Penalty Appeals
Tax periods ended:
  12/2014
Amount of assessed penalties:
  $390.00
IRC sections:
  6699(a)(1)

CHOWNS FABRICATION AND RIGGING INC
% KEVIN M CHOWNS
PO BOX 697
SKIPPACK, PA 19474

Dear Mr. CHOWNS:

I completed my review of your request to adjust the penalties assessed against you. Based on the information submitted, I am pleased to advise you the penalties will be abated (removed) in full. When this action has been completed, you will receive an adjustment notice from the Service Center, which originally assessed the penalty.

If you have any additional questions, please contact the person shown at the top of this letter.

Sincerely,

*Tim Jarvis*

Timothy D Jarvis
Appeals Team Manager

**Letter 1278 (Rev. 5-2017)**
Catalog Number
A - 28

# EXHIBIT B

Kevin Chowns
P.O. Box 697
Skippack, PA 19474

July 24, 2020

Kerry Martin
Internal Revenue Service
200 Lakeside Drive, Suite 200
Horsham, PA 19044

**RE: Chowns Fabrication & Rigging, Inc.**
**EIN** ▮▮▮▮▮▮▮▮
**Letter 3164-X Dated July 21, 2020**

Dear Mr. Martin:

Previously, I requested that you decline further involvement with respect to Chowns Fabrication & Rigging, Inc. ("Chowns"). The attached letter referenced above is a continuation of the harassment tactics and unfair procedures that form the basis for your conduct in carrying out your duties at the IRS. The returns referred to in the letter have been filed. It is a fact that can easily be proven based on the established record. And, there are no other unfiled returns. Once again, based on the heavy-handed treatment dealt out by you, I request that another revenue officer be assigned to this account. You are no longer objective and, frankly, your conduct is offensive.

Attached are copies of the returns which you claim are unfiled. Please note that that the filing record for Chowns Fabrication & Rigging, Inc. is good. In fact, on June 10, 2020, Chowns was informed that penalties that had been previously assessed on the same periods were abated.

I intend to report this incident to the proper authority within the IRS.

Please guide your actions accordingly.

Sincerely,

Kevin Chowns

encl.

B - 1


**IRS**

Department of the Treasury
Internal Revenue Service
200 LAKESIDE DRIVE, SUITE 220
HORSHAM, PA 19044

Date:
7/21/2020
Taxpayer ID number (last 4 digits):
XX-XX̶X̶X̶X̶X̶

CHOWNS FABRICATION AND RIGGING INC
% KEVIN M CHOWNS
PO BOX 697
SKIPPACK, PA 19474-0697977

Person to Contact:
Name: KERRY C MARTIN
ID Number:  1000213177
Telephone: (215)344-6604
Fax:  (888)843-6902
Hours: 7am-3pm Mon. - Fri.

We're attempting to get unfiled returns from you.  You should know about this from our previous contacts with you.

Generally, the IRS will deal directly with you or your duly authorized representative.  However, we sometimes talk with other persons if we need information that you've been unable to provide, or to verify information we've received.

We're writing to tell you we intend to contact other persons such as a neighbor, a bank, an employer, or employees.  When we contact other persons, we generally need to tell them limited information, such as your name.

The law prohibits us from disclosing more information than is necessary to obtain or verify the information we're seeking. We will make contact beginning 46 days from the date of this letter, on 9/5/2020, and ending one year later, on  9/5/2021. You have a right to request a list of those contacted. You can make your request by telephone, in writing, or during a personal interview.

The Taxpayer Bill of Rights describes ten basic rights that all taxpayers have when dealing with the IRS. To help you understand what these rights mean to you and how they apply, visit our website at www.irs.gov/tbor.

If you have questions about this letter or want to request a list of the other people we've contacted, you can contact the person at the top of this letter. When you write, include the person to contact's name and the employee ID number shown above.

Sincerely,

KERRY C MARTIN
REVENUE OFFICER

Enclosure:
Publication 1
Letter 3164-X

B - 2

**Letter 3164-X**
Catalog Number 7

# EXHIBIT C

06/10/2020 3:55:48 PM -0500 IRS                                    PAGE 2    OF 2



**Department of the Treasury**
**Internal Revenue Service**
**Appeals Office**
4330 Watt Avenue
SA 7890
Sacramento, CA 95821-7012

Date:   June 10, 2020

Person to contact:
  Name: Susan K Paladini
  Employee ID Number: 1000507213
  Phone: 916-974-5316
  Fax: 855-241-0820
Re:
  Penalty Appeals
Tax periods ended:
  12/2013 09/2014 12/2014 03/2015
  06/2015 09/2015 12/2015 03/2016
  09/2016 03/2018 06/2018 06/2016
  09/2018
Amount of assessed penalties:
  $125,469.09
IRC sections:
  6651(a)(1) & (2), 6656(a)

CHOWNS FABRICATION AND RIGGING INC
% KEVIN M CHOWNS
PO BOX 697
SKIPPACK, PA 19474

Dear Mr. CHOWNS:

I completed my review of your request to adjust the penalties assessed against you. Based on the information submitted, I am pleased to advise you the penalties will be abated (removed) in full. When this action has been completed, you will receive an adjustment notice from the Service Center, which originally assessed the penalty.

If you have any additional questions, please contact the person shown at the top of this letter.

Sincerely,

*Tim Jarvis*

Timothy D Jarvis
Appeals Team Manager

Letter 1278 (Rev. 5-2017)
Catalog Number   C - 1

 **Department of the Treasury**
**Internal Revenue Service**
**Appeals Office**
4330 Watt Avenue
SA 7890
Sacramento, CA 95821-7012

Date:   June 10, 2020

Person to contact:
  Name: Susan K Paladini
  Employee ID Number: 1000507213
  Phone: 916-974-5316
  Fax: 855-241-0820
Re:
  Penalty Appeals
Tax periods ended:
  12/2014 12/2015 12/2016 12/2018
Amount of assessed penalties:
  $6,391.79
IRC sections:
  6651(a)(1) & (2), 6656(a)

CHOWNS FABRICATION AND RIGGING INC
% KEVIN M CHOWNS
PO BOX 697
SKIPPACK, PA 19474

Dear Mr. CHOWNS:

I completed my review of your request to adjust the penalties assessed against you. Based on the information submitted, I am pleased to advise you the penalties will be abated (removed) in full. When this action has been completed, you will receive an adjustment notice from the Service Center, which originally assessed the penalty.

If you have any additional questions, please contact the person shown at the top of this letter.

Sincerely,

*Tim Jarvis*

Timothy D Jarvis
Appeals Team Manager

Letter 1278 (Rev. 5-2017)
Catalog Number

C - 2

 Department of the Treasury
Internal Revenue Service
Appeals Office
4330 Watt Avenue
SA 7890
Sacramento, CA 95821-7012

Date:   June 10, 2020

Person to contact:
  Name: Susan K Paladini
  Employee ID Number: 1000507213
  Phone: 916-974-5316
  Fax: 855-241-0820
Re:
  Penalty Appeals
Tax periods ended:
  12/2014
Amount of assessed penalties:
  $390.00
IRC sections:
  6699(a)(1)

CHOWNS FABRICATION AND RIGGING INC
% KEVIN M CHOWNS
PO BOX 697
SKIPPACK, PA 19474

Dear Mr. CHOWNS:

I completed my review of your request to adjust the penalties assessed against you. Based on the information submitted, I am pleased to advise you the penalties will be abated (removed) in full. When this action has been completed, you will receive an adjustment notice from the Service Center, which originally assessed the penalty.

If you have any additional questions, please contact the person shown at the top of this letter.

Sincerely,

Timothy D Jarvis
Appeals Team Manager