UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHOWNS FABRICATION & RIGGING INC.; and KEVIN M. CHOWNS; Plaintiffs, | : : : : | |
| v. | : : | No. 5:21-cv-03543 |
| THE UNITED STATES OF AMERICA, Defendant. | : : : | |

**O P I N I O N**
Motion to Dismiss, ECF No. 9 - Granted

**Joseph F. Leeson, Jr.**                                                                                                January 14, 2022
**United States District Judge**

**I.      INTRODUCTION**

Plaintiffs Chowns Fabrication & Rigging, Inc. and its president Kevin M. Chowns filed the above-captioned action seeking damages under 26 U.S.C. §§ 7433 and 7426 resulting from the alleged reckless, intentional, and/or negligent disregard of the Internal Revenue Code by officers, agents, and/or employees of the Internal Revenue Service ("IRS").  Defendant, the United States of America, has filed a Motion to Dismiss based on Chowns'[1] failure to exhaust administrative remedies.  Chowns does not dispute that it failed to directly follow the requirements of 26 C.F.R. § 301.7433-1(e); rather, Chowns argues that the Motion to Dismiss should be denied because it "substantially complied" with the exhaustion requirements.  For the reasons set forth below, this argument fails.  Because Chowns failed to satisfy mandatory exhaustion requirements, the Motion to Dismiss is granted.

---

[1]         Unless otherwise indicated, any reference to "Chowns" herein includes both Defendants: the company and its president.

II.     **LEGAL STANDARDS**

    A.     **Motion to Dismiss – Review of Applicable Law**

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). See also *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in the complaint may be considered" (internal quotations omitted)). The

defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

      **B.**     **Sovereign Immunity - Review of Applicable Law**

Absent a waiver, sovereign immunity shields the federal government, its agencies, and its officials in their official capacities from suit. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Treasurer of N.J. v. United States Dep't of the Treasury*, 684 F.3d 382, 395-96 (3d Cir. 2012). A waiver of sovereign immunity "must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Congress has waived sovereign immunity under 26 U.S.C. §§ 7426 and 7433. *See Good v. IRS*, 629 F. App'x 185, 188 (3d Cir. 2015). However a plaintiff may not maintain a claim under either statute unless he first exhausted administrative remedies. *See Shippensburg Urban Developers v. United States*, 510 F. Supp. 3d 284, 289 (E.D. Pa. 2020) (explaining that while § 7426(h) waives sovereign immunity for plaintiffs who allege harm resulting from the recklessness or negligence of IRS employees in relation to a wrongful levy, maintaining such a claim requires that administrative remedies be exhausted); *Benjamin v. Aiello*, No. 3:CV-97-0487, 1997 U.S. Dist. LEXIS 19028, at *17 (M.D. Pa. Oct. 31, 1997) (finding that even though Congress waived sovereign immunity under § 7433, the plaintiff failed to demonstrate that she had exhausted her administrative remedies as required by the statute).

      **C.**     **26 U.S.C. § 7433 - Review of Applicable Law**

Section 7433 provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation

promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). Section 7433 precludes a judgment for damages "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." *See* 26 U.S.C. § 7433(d)(1).

The procedures for exhausting § 7433 claims are set forth in 26 C.F.R. § 301.7433-1(e). *See Chocallo v. United States*, 299 F. App'x 112, 116 (3d Cir. 2008). Under 26 C.F.R. § 301.7433-1, the claim must "be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e). Additionally, the claim must include:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
> (v) The signature of the taxpayer or duly authorized representative.

26 C.F.R. § 301.7433-1(e)(2). *See also* 26 C.F.R. § 301.7433-1(d)(1) (providing time limitations with regard to a civil action in federal court). A "taxpayer's failure to exhaust, as required by § 7433(d), bars a suit for damages under § 7433(a)." *Hassen v. Gov't of the V.I.*, 861 F.3d 108, 113-14 (3d Cir. 2017) (explaining that "exhaustion under § 7433(d) is a nonjurisdictional requirement that imposes an obligation a plaintiff must fulfill before filing a suit for damages").

D.   **26 U.S.C. § 7426 - Review of Applicable Law**

Section 7426 permits the recovery of damages

if, in any action brought under this section, there is a finding that any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregarded any provision of this title.

26 U.S.C. § 7426(h)(1).  Section 7426, stating that the "rules of section 7433(d) [26 USCS § 7433(d)] shall apply for purposes of this subsection," requires the exhaustion of administrative remedies.  26 U.S.C. § 7426(h)(2).

### III.   ANALYSIS

Chowns asserts that the Motion to Dismiss should be denied because the Complaint demonstrates it exhausted administrative remedies, through substantial compliance with the statute, by sending letters to the IRS Commissioner, the Treasury Inspector General, a revenue officer with the IRS, and an IRS taxpayer advocate, as well as filing a discrimination complaint with the IRS, Civil Rights Division in Washington, D.C.  See Compl. ¶ 14 and Ex. A, ECF No. 1; Opp., ECF No. 11.  The letters and complaint, which are attached to the Complaint, pertain to the allegedly discriminatory and harassing behavior of a particular revenue officer with the IRS and seek sanctions against this officer, a refund for an erroneous payment, and relief from the collection action.  See id.

Initially, this Court rejects Chowns' suggestion that it can satisfy the strict exhaustion requirements in 26 C.F.R. § 301.7433-1(e)(2) by substantially complying with the statute.  See Hoogerheide v. IRS, 637 F.3d 634, 639 (6th Cir. 2011) (affirming dismissal of the § 7433 claim for failure to exhaust and rejecting the plaintiff's argument that he "substantially complied with the exhaustion requirement" because not only does "the existence of such an exception seems doubtful in view of the specificity of the Treasury regulation," but the plaintiff's letters failed to reference a claim for damages or otherwise come close to complying with the applicable regulations).  There is no legal support for Chowns' substantial compliance argument.  See id.

Moreover, Chowns' letters and complaint did not substantially comply with the specific requirements of a claim for two reasons. First, they were not sent to the correct person or address. *See* 26 C.F.R. § 301.7433-1(e) (providing that the claim "be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides"); *Rogers v. Dir. Internal Revenue Bureau*, No. 19-1642, 2021 U.S. App. LEXIS 37700, at *3 (3d Cir. Dec. 21, 2021) (concluding that the district court appropriately dismissed the § 7433 claim for failure to exhaust because although the taxpayer spoke with a tax official about his claim, "[p]roviding actual notice to the relevant agency is not sufficient to prove exhaustion"); *Bowers v. United States*, 498 F. App'x 623, 626-27 (7th Cir. 2012) (rejecting the plaintiff's argument that it complied with § 301.7433-1(a) because, *inter alia*, he sent his letter to the wrong IRS office). Second, Chowns' letters and complaint did not include the "dollar amount of the claim." *See* 26 C.F.R. § 301.7433-1(e)(2)(iv); *Rogers*, 2021 U.S. App. LEXIS 37700, at *2 ("The claim must include certain information such as the grounds for the claim and the dollar amount requested. § 301.7432-1(f)(2)."); *Chocallo*, 299 F. App'x at 116 (affirming dismissal of the § 7433 claim where the plaintiff's letters to an IRS revenue officer failed to comply with the regulations and "sought merely the payment of a tax refund and the cancellation of tax levies and did not demand the payment of damages or otherwise set forth a § 7433 claim").

Since Chowns failed to exhaust administrative remedies, leave to amend would be futile. *See Shippensburg Urban Developers v. United States*, 510 F. Supp. 3d 284 (E.D. Pa. 2020) (denying the plaintiffs' motion to amend the complaint with counts seeking damages for unauthorized collection actions under 26 U.S.C. §§ 7433 and 7426(h) because the plaintiffs' could not survive a motion to dismiss in light of their failure to exhaust administrative remedies);

*Shah v. United States*, No. 3:12-cv-119, 2013 U.S. Dist. LEXIS 63424, at *50 (W.D. Pa. May 3, 2013) (denying leave to amend §§ 7433 and 7426 claims that were dismissed for failure to exhaust). The Complaint is dismissed with prejudice.

## IV.     CONCLUSION

The exhaustion requirements for bringing a claim under §§ 7433 and 7426 are mandatory. Chowns failed to comply with these requirements. The Motion to Dismiss is therefore granted. The Complaint is dismissed with prejudice.

A separate order follows.

> BY THE COURT:
>
> */s/ Joseph F. Leeson, Jr.*
> JOSEPH F. LEESON, JR.
> United States District Judge